IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLEN WILLIAMS and ELLEN MALONE, | : : | No. 3:12cv354 |
| Plaintiffs | : : : | (Judge Munley) |
| v. | : : | |
| THE STANDARD FIRE INSURANCE COMPANY and CORELOGIC, INC, Defendants | : : : : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the Court is Defendant CoreLogic's motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 8). The motion has been fully briefed and is ripe for disposition.

**Background**

Plaintiffs Ellen Williams and Ellen Malone (hereinafter "plaintiffs") live in Allentown, Pennsylvania and are the owners of real property (hereinafter "property") located in Harvey's Lake, Pennsylvania. (Doc. 1, Ex. A to Notice of Removal, Complaint, (hereinafter "Compl."), ¶¶ 1-2). Defendant CoreLogic, Flood Services, LLC d/b/a CoreLogic Flood Services[1] (hereinafter "CoreLogic") is a flood zone determination company, incorporated in Delaware with its principal place of business in California.

---

[1] CoreLogic is incorrectly named "CoreLogic, Inc." in the complaint.

(Id. ¶ 4). Defendant Standard Fire Insurance Company (hereinafter "Standard Fire") is an insurance company incorporated in Connecticut, with a principal place of business in Connecticut. It is licensed to sell insurance in Pennsylvania. (Id. ¶ 3).

Plaintiffs purchased the property on June 10, 2010, for $379,000. (Id. ¶ 5). They received financing in the amount of $218,300, through R.B.S. Citizens Bank, N.A. (hereinafter "Citizens"). (Id. ¶ 6). Before approving the financing, the National Flood Insurance Act (hereinafter "the Act") required Citizens to determine how much flood insurance the property required. 42 U.S.C. § 4012a. Citizens contracted CoreLogic and CoreLogic determined, without physically inspecting the property, that it was in flood risk rated zone "C." (Compl. ¶¶ 7-8).[2] Citizens based its decision to provide financing for the plaintiffs' purchase on CoreLogic's determination. (Id. ¶ 8). Standard Fire provided flood insurance based on CoreLogic's determination. (Id. ¶ 9).

On September 7, 2011, the property was flooded due to Tropical Storm Lee. Neither CoreLogic nor Standard Fire inspected the property. On September 17, 2011, an independent adjuster inspected the property.

---

[2] A flood zone designated "C" is described as an "[a]rea of minimal flood hazard" and flood insurance is available to all property owners in this zone. *Definitions of FEMA Flood Zone Designations,* FEMA Map Service Center (last visited Aug. 8, 2012), https://msc.fema.gov/webapp/wcs/stores/servlet/info?storeId=10001&catalogId=10001&langId=-1&content=floodZones&title=FEMA%2520Flood%2520Zone%2520Designations.

2

In September 27, 2011, Standard Fire advised plaintiffs that insurance coverage could not be provided for the lake property because it was not in a flood risk rated zone "C."  Standard Fire determined that the property was built entirely above water, so it could not be insured against flood damage.  Standard Fire revoked the policy and returned plaintiffs' premiums back to inception.  (Id. ¶ 15).  Plaintiffs conclude that if CoreLogic had correctly certified the property, Citizens would not have approved the financing for the property, Standard Fire would have refused to insure it and plaintiffs would not have purchased the property.  (Id. ¶¶ 12-14).  Plaintiffs still owe in excess of $200,000, and the property cannot be insured or mortgaged, thus reducing its marketability and value.  (Id. ¶ 16).

Plaintiffs filed this suit in the Luzerne County Court of Common Pleas to recover the lost value of the property under state law theories of detrimental reliance and negligence.  (Doc. 1, Notice of Removal ¶ 1). Standard Fire removed the case based on diversity jurisdiction.  (Id. ¶¶ 5-11). CoreLogic filed the instant motion to dismiss on the grounds that plaintiffs failed to state a claim because their cause of action is precluded by the Act, which does not create a private cause of action.  (Doc. 8, Motion to Dismiss).  Plaintiffs oppose CoreLogic's motion to dismiss arguing that their causes of action are not based on the Act, but rather on Pennsylvania state law.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. Plaintiffs are Pennsylvania residents living in Allentown, Pennsylvania. CoreLogic is a Delaware corporation with its principal place of business in California. Standard Fire is a Connecticut corporation with its principal place of business in Connecticut. Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).[3]

**Standard of Review**

When a Rule 12(b)(6) motion is filed, the court tests the sufficiency of the allegations in the complaint. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Put another way, granting the motion to dismiss is appropriate if plaintiff has not "nudged [her] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)

---

[3] In its Notice of Removal, Standard Fire attempts to invoke federal question jurisdiction because it claims the case will involve an interpretation of the Act, a federal statute. (Doc. 1, Notice of Removal, ¶¶ 12-18). However, the Court has found that plaintiffs assert only state law claims.

4

(quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The Supreme Court has counseled that a court examining a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

CoreLogic filed a Rule 12(b)(6) motion to dismiss Counts III and IV of

the complaint for failure to state a claim for which relief can be granted.[4] CoreLogic contends that the plaintiffs' complaint originates in a violation of the Act, but the Act does not expressly or impliedly create a federal cause of action for home-owners.  Because Congress provided for no federal cause of action, then all state law claims are also precluded by the Act.  Alternatively, CoreLogic avers that Count III should be dismissed because no contractual or fiduciary relationship existed between plaintiffs and CoreLogic.  Finally, CoreLogic contends that Count IV should be dismissed because it cannot be found negligent because it owed no duty outside of the Act to plaintiffs.

**A.  Federalism**

CoreLogic argues that the Counts III and IV of the complaint should be dismissed because the Act does not create a federal private cause of action.  Plaintiffs agree that there is no federal cause of action, but argues that the Act does not preclude the state causes of action they have alleged.  After a careful review, we agree with the plaintiffs.

The Act does not create an express or implied federal cause of action against lenders or flood zone determination companies.  CoreLogic argues that creating a state cause of action would interfere with the purposes and objectives of Congress.  CoreLogic continues that "federalism" concerns require states to defer to Congress and deny any

---

[4] The other two counts of the complaint, Counts I and II, charge Standard Fire with detrimental reliance and negligence, respectively.

private causes of action related to the Act and that most states have done so.  See, e.g., Ellis v. Countrywide Home Loans, Inc., 541 F. Supp. 2d 833, 838 (S.D. Miss. 2008).  Courts have often found that state common law claims of negligence and breach of contract are founded in the Act and therefore precluded.  Id., at 838; Ford. v. First Am. Flood Data Servs., Inc., No. 06-453, 2006 WL 2921432, at *5 (M.D.N.C. Oct. 11, 2006).[5]  CoreLogic also relies on a recent case against it where it successfully moved to dismiss a complaint in the Eastern District of Tennessee because the plaintiffs' negligence claim was "necessarily derivative" of the Act.  Weise v. CoreLogic Flood Serv., Inc., et al., No. 2:11-cv-00005, Dkt. No. 64, at 9 (E.D. Ten. Mar. 2, 2012).

Many federal courts, however, have allowed various plaintiffs to pursue state causes of action, as long as the state law does not interfere with the objectives of the Act.  Audler v. CBC Innovis Inc., 519 F.3d 239, 253 (5th Cir. 2008) (predicting whether the Louisiana Supreme Court would create a state cause of action); Paul v. Landsafe Flood Determination, Inc., 550 F.3d 511, 518-19 (5th Cir. 2008) (finding that plaintiffs may have reasonably relied on flood zone determination company's inaccurate determination under Mississippi law); Hofbauer v, The Nw. Nat'l Bank of Rochester, Minn., 700 F.2d 1197, 1201 (8th Cir. 1983) (remanding to Minnesota state court to decide if the Act creates a common law standard

---

[5] CoreLogic was formerly known as First American Flood Data Services and was the defendant in Ford, supra.

of conduct); Till v. Unifirst Fed. Sav. & Loan Assn., 653 F.2d 152, 161 (5th Cir. 1981) (remanding to Mississippi state court to determine if a state cause of action existed for plaintiffs).

Several district courts within the Third Circuit have permitted state law causes of action to proceed when a negligent act during the flood insurance procurement process results in no flood insurance coverage for the plaintiff.  State extra-contractual negligence claims are not precluded because those claims do not significantly interfere with Congress's objective of providing affordable flood insurance. Star Spa Servs., Inc. v. Robert G. Turano Ins. Agency, Inc., 595 F. Supp. 2d 519, 524-25 (M.D. Pa. 2009).  A court in the Eastern District of Pennsylvania allowed borrowers to bring claims of fraud, negligence, negligent misrepresentation, breach of contract and breach of implied warranty against an insurance broker and an insurance company in a flood insurance case. Padalino v. Standard Fire Ins. Co., 616 F. Supp. 2d 538, 545 (E.D. Pa. 2008).  That court found that state law claims relating to flood insurance procurement are not obstacles to Congress's objectives and "state law claims relating to flood insurance procurement may be necessary to achieve federal objectives." Id., at 545.  Inaccurate flood zone determinations contribute to unfair negotiations during the procurement of mortgages and flood insurance, which may give rise to claims of negligence and breach of contract

The legislative history suggests that Congress intended borrowers to "avail themselves of legal remedies in state courts." Bleecker v. Standard

Fire Ins. Co., 130 F. Supp. 2d 726, 735 (E.D.N.C. 2000).  The Act creates a process for parties to recover if they are injured by an insurance company's refusal to honor a claim.  Padalino, 616 F. Supp. 2d, at 544-45.  It does not, however, create any such cause of action against lenders or flood zone determination companies for injuries sustained during the procurement process.  Id. at 545.  Therefore, state common law causes of action "may be necessary to achieve federal objectives."  Id.  The Act does not create a federal cause of action, but it also does not preclude state causes of action.  If Congress wished flood zone determination companies to be immune from civil suits resulting from inaccurate determinations, it could expressly state that in the Act.  Further, CoreLogic's inaccurate determination resulted in Standard Fire revoking its coverage of the property. Since no flood insurance policy was in place, there "exists no reason to use federal law to interpret the policy."  Star Spa, 595 F. Supp. 2d at 524.  The court therefore finds that the Act does not preclude Pennsylvania state law causes of action.

**B.  Detrimental Reliance**

Count III of the complaint is a state law cause of action for detrimental reliance.  CoreLogic argues Count III should be dismissed because no contractual or fiduciary duty existed between the parties, so plaintiffs could not have reasonably relied on CoreLogic's representation.  Plaintiffs contend that they reasonably relied on CoreLogic's determination when they purchased the property and flood insurance and that reliance

9

injured them when it proved to be misguided.  The court finds that plaintiffs have presented a prima facie state law cause of action of detrimental reliance.

Pennsylvania has adopted § 90 of the Restatement (Second) of Contracts to define detrimental reliance and estoppel.  <u>Central Storage & Transfer Co. v. Kaplan</u>, 487 Pa. 485, 489 (Pa. 1979).  Section 90 states that if a "promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance," promisor is bound by its representation "if injustice can be avoided only by enforcement of the promise." <u>Thatcher's Drug Store of W. Goshen, Inc. v. Consol. Supermarkets</u>, 636 A.2d 156, 160 (Pa. 1994) (<u>quoting</u> <u>Kaplan</u>, 487 Pa. at 489).  To present a claim, plaintiffs must show: 1) CoreLogic made a promise it should have reasonably expected to induce action on the part of plaintiffs; 2) plaintiffs actually took action in reliance of the promise; and 3) injustice can be avoided only by enforcing CoreLogic's promise.  <u>Crouse v. Cyclops Indus.</u>, 745 A.2d 606, 610 (Pa. 2000).

CoreLogic argues that no contractual duty can exist between it and plaintiffs because CoreLogic was hired by Citizens, not plaintiffs, to complete the determination.   CoreLogic maintains that the Act requires determinations be made to protect lenders' investments, and indirectly, the Federal treasury.  <u>Arvai v. First Fed. Sav. & Loan Ass'n.</u>, 698 F.2d 683, 684 (4th Cir. 1983) (per curium); <u>Laurent v. Flood Data Servs., Inc.</u>, 766

N.E.2d 221 (Ohio Ct. App. 2001).  Because no contractual or fiduciary relationship existed between the parties, CoreLogic contends the plaintiffs could not have relied on any representation made by CoreLogic.

The Act is written, at least in part, to protect borrowers by providing them with affordable flood insurance.  Hofbauer, 700 F.2d at 1199; Padalino, 616 F. Supp. at 545.  Congress found the Act necessary because "from time to time flood disasters have created personal hardships and economic distress which have required unforeseen disaster relief measures and have placed an increasing burden on the Nation's resources."  42 U.S.C. § 4001(a).  Flood zone determinations are made at least in part for the benefit of the individual homeowners, so a relationship exists between determination companies and homeowners like plaintiffs.  CoreLogic should have reasonably expected plaintiffs to rely on the determination, even though it was made at the request of Citizens.[6]  Plaintiffs acted in reliance of the representation and obtained a mortgage and flood insurance on the property.  After their property flooded and Standard Fire refused to cover their loss, plaintiffs suffered an economic injury that they contend is unjust and must be remedied by CoreLogic.

---

[6] Plaintiffs cite a 2008 FEMA Memorandum instructing "lenders to give a copy of the completed [Standard Flood Hazard Determination Form] to the borrowers." (Doc. 10, Ex. B, FEMA Memorandum dated Dec. 23, 2008).  Plaintiffs conclude this created a relationship between flood zone determination companies and borrowers.  CoreLogic argues that this does not change precedent.  Weise, supra.  The court does not find this memorandum to have the same binding effect as a statute or regulation.

Plaintiffs have alleged sufficient facts to establish a prima facie claim of detrimental reliance.

## C.  Negligence

CoreLogic moves to dismiss Count IV of the complaint because plaintiffs cannot establish the existence of a duty between CoreLogic and themselves.  Plaintiffs argue that CoreLogic failed to conform to a duty imposed by Pennsylvania law.  The court agrees with plaintiffs and will deny CoreLogic's motion to dismiss plaintiffs' claim of negligence.

Under Pennsylvania law, the elements of negligence are: (1) the existence of a duty or obligation requiring a certain standard of conduct; (2) a failure to conform to that duty, or a breach thereof; (3) a causal connection between the breach and the harm; and, (4) actual loss or damage suffered.  Atcovitz v. Gulph Mills Tennis Club, Inc., 812 A.2d 1218, 1222 (Pa. 2002).

CoreLogic only challenges the existence of a duty in its motion to dismiss.  Duty is "necessarily rooted in often amorphous public policy considerations."  Althaus ex re. Althaus v. Cohen, 756 A.2d 1166, 1169 (Pa. 2000).  Determination of whether a duty exists involves "the weighing of several discrete factors," including:

> (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and, (5) the overall public interest in the proposed solution.

Athlaus, at 553.

CoreLogic argues that it owed no duty to the plaintiffs because the Act places the burden of determining a property's flood zone on the mortgager before awarding a mortgage on the property. Moreover, CoreLogic contends that it only owed a duty to Citizens because it was Citizens that hired CoreLogic.[7] CoreLogic concludes that because it owed no duty to plaintiffs, it cannot be found to have been negligent.

Plaintiffs argue that under Pennsylvania law a duty existed because of the nature of the risk imposed and the foreseeability of the harm incurred. Because plaintiffs were intended third party beneficiaries of CoreLogic's flood zone determination, the nature of the risk was the possibility of an inaccurate determination, foreseeably resulting in the property not be covered in the event of a flood. Additionally, plaintiffs argue that the Act can be used to establish a standard of conduct for state law negligence claims. See Iconco v. Jensen Constr. Co., 622 F.2d 1291, 1296 (8th Cir. 1980). After a careful review, we agree with the plaintiffs.

CoreLogic owed a duty to plaintiffs to exercise reasonable care in providing a flood zone determination. Although Citizens hired CoreLogic, it was foreseeable that the determination would affect the purchase price of the property as well as be used by plaintiffs to obtain flood insurance. This created a relationship between CoreLogic and plaintiffs.

---

[7] CoreLogic argues that if a duty exists, it is created by the Act and therefore precluded from state law negligence causes of action. Callahan v. Contrywide Home Loans, Inc., No. 06-105, 2006 WL 2993178, at *2 (N.D. Fl. Oct. 20, 2006).

13

Imposing this duty upon CoreLogic does not impose an additional heavy burden.  CoreLogic is in the business of making such flood zone determinations, and it is generally better for society if such flood zone determinations are not made negligently.  Thus, it is in the public interest to hold negligent flood zone companies liable for their negligence rather than allowing an unknowing public to suffer the consequences of the negligence.  Therefore, plaintiffs have presented a prima facie state law cause of action of negligence and CoreLogic's motion to dismiss the negligence claim is denied.

**Conclusion**

For the reasons stated above, CoreLogic's motion to dismiss plaintiffs' complaint will be denied.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLEN WILLIAMS and ELLEN MALONE, | : | No. 3:12cv354 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| THE STANDARD FIRE INSURANCE COMPANY and CORELOGIC, INC, Defendants | : | |

## ORDER

**AND NOW**, to wit, this 30th day of August 2012, it is hereby **ORDERED** that Defendant CoreLogic's Motion to Dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 8) is **DENIED**.

BY THE COURT

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**