IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLEN WILLIAMS and ELLEN MALONE, | : | No. 3:12cv354 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| THE STANDARD FIRE INSURANCE COMPANY and CORELOGIC, INC., | : | |
| Defendants | : | |

## MEMORANDUM & ORDER

Before the court is Defendant The Standard Fire Insurance Company's (hereinafter "defendant") motion for reconsideration. (Doc. 31). Defendant moves for reconsideration of the court's Memorandum and Order dated August 30, 2012, in which the court denied defendant's motion for summary judgment. Defendant argues in the alternative that the court should certify the case for interlocutory appeal. For the following reasons, defendant's motion for reconsideration is denied.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citing Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 656, 665 (N.D. Ill. 1983)); see also Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677

(3d Cir. 1999). To succeed on a motion for reconsideration, a movant must demonstrate one of the following three grounds (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Café, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); see also In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) ("It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through–rightly or wrongly." (quotations and citations omitted)).

In the Memorandum and Order dated August 30, 2012, the court denied defendant's motion for summary judgment. The court first found that Plaintiffs Ellen Williams and Ellen Malone's (collectively "plaintiffs") state law claims are not preempted by federal law. (Doc. 27, Mem. & Order dated Aug. 30, 2012 at 11-12). In reaching this decision the court held the doctrine of express, field and conflict preemption to be inapplicable because defendant's allegedly wrongful conduct–failing to

investigate the insurability of the property and confirm the flood zone–occurred during the procurement of flood insurance as opposed to during the handling of a claim.  See Campo v. Allstate Ins. Co., 562 F.3d 751, 757-58 (5th Cir. 2009) (holding that the NFIA only preempts claims arising from claims handling, and does not apply to preempt state-law procurement claims); C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co., 386 F.3d 263, 272 n.12 (3d Cir. 2004) (holding that state causes of action involving handling of claims are preempted, but choosing not to decide whether claims that deal with misrepresentation during insurance procurement would be preempted).  Next, the court found that plaintiffs' claims for detrimental reliance and negligence do not fail as a matter of law because genuine issues of material fact exist.  (Doc. 27, Mem. & Order dated Aug. 30, 2012 at 13-14).

In its instant motion, defendant requests that the court reconsider its prior ruling for the following for reasons:

> First, this Court's reliance on the Grissom case cannot be reconciled with the holding of that case.  Second, this Court misapprehended the import of FEMA's July 16, 2009, Bulletin as well as the C.E.R. and Campo decisions.  Third, this Court overlooked overarching federal interests that give rise to field and conflict preemption.  Fourth, Plaintiffs' state law claims fail as a matter of federal and state law.

3

(Doc. 32, Br. in Supp. of Mot. for Recons. at 6).  The court will deny defendant's motion for reconsideration.  The four arguments defendant presents fail to amount to a clear error of law or manifest injustice; rather, the reasons presented by defendant represent little more than recycled arguments that attempt to convince the court to re-think our decision.[1]

---

[1] In its first argument, defendant contends that our citation of Grissom v. Liberty Mutual Fire Insurance Company, a 2012 Fifth Circuit decision cited in footnote two of our August 30, 2012 Memorandum and Order, represents a clear error of law and a manifest injustice.  The court disagrees.  The Grissom case recognizes a difference between claims handling actions, which are preempted by federal law, and permissible state law procurement process claims.  See Grissom v. Liberty Mut. Fire Ins. Co., 678 F.3d 397, 400-01 (5th Cir. 2012).  Unlike the plaintiff in Grissom, who had a valid insurance policy at the time of the dispute, plaintiffs in the instant matter allege that they did not have a valid policy because defendant retroactively revoked it.  Thus, the court does not find that our citation to Grissom amounts to a clear error of law or manifest injustice.

In its second argument, defendant disagrees with the amount of weight the court provided to a FEMA memorandum.  This memorandum was authored by Edward Connor, the Acting Flood Insurance Administrator, three years ago, and although it calls for the review and clarification of FEMA regulations, it appears to have inspired no regulatory changes.  (See Doc. 32-1, Ex. A, FEMA Memo).  The Supreme Court of the United States directs district courts to provide little deference to an agency's interpretation of its own regulations when the court finds that the agency's interpretation does not reflect the agency's fair consideration and judgment on the matter.  See Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 2166 (2012) (citations omitted). Guided by this legal precept, we afforded little weight to Acting Administrator Connor's memorandum.  Thus, this argument similarly fails to meet the high standard of review necessary to succeed in a motion for reconsideration.

4

Defendant requests in the alternative that the court certify the case for appeal pursuant to 28 U.S.C. § 1292(b). This section provides, in part, as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

28 U.S.C. § 1292(b). Certification of an interlocutory appeal pursuant to Section 1292(b) "is not to be granted routinely, but is to be used in the rare cases where an immediate appeal will avoid costly and protracted litigation. Bush v. Adams, 629 F. Supp. 2d 468, 474 (E.D. Pa. 2009) (citing Sporck v. Peil, 759 F.2d 312, 315 n.4 (3d Cir. 1985)). All of the factors of Section 1292(b) must be satisfied for the certification of an interlocutory appeal to

---

Moreover, defendant's assertion that the court's reliance on a "wrongly decided" Fifth Circuit Court of Appeals decision falls far short of the standard announced by the Third Circuit Court of Appeals in Max's Seafood Café.

    In their third argument, defendant maintains that the court "overlooked" important points pertaining to field and conflict preemption. Similarly, in their fourth argument, defendant reasserts their contention that plaintiffs' claims fail as a matter of law. These arguments do little more than ask the court to re-think the conclusions in our August 30, 2012 Memorandum & Order.

5

be proper.  See Katz v. Carte Blanch Corp., 496 F.2d 747, 754 (3d Cir. 1974).

When this standard is applied, the court finds that the necessary factors of Section 1292(b) are not satisfied.  This case turns on issues of fact, such as whether the insurance policy was revoked because of an improper flood zone determination and what the proper determination should have been at the time the policy was issued.  Given these genuine issues of material fact in this case, and in light of the fact that another defendant is joined in this case, the court finds that the instant matter is not the exceptionally rare case that would benefit from an interlocutory appeal.

**AND NOW**, to wit, this 24th day of September 2012, Defendant The Standard Fire Insurance Company's motion for reconsideration (Doc. 31) is hereby **DENIED**.

          **BY THE COURT:**

            s/ James M. Munley
          **JUDGE JAMES M. MUNLEY**
          **United States District Court**